We'll hear the next case on the calendar, Shabazz v. United States. Good morning, Your Honors. May it please the Court, my name is Jocelyn Courtney-Caudzanes, and I represent the United States of America, and I'd like to reserve two minutes for rebuttal. The question on this appeal is a simple one. Whether Connecticut robbery, which can only occur if the defendant uses or threatens the immediate use of physical force, requires force capable of causing physical pain or violent felony under the Armed Career Criminal Act. And the answer to that question is yes. This Court should— How do we know the answer is yes? We know— Let me just give you some hypotheticals, which seems to me are not strained, far-out hypotheticals like pouring chocolate on a passport, but take a pickpocket, a team of pickpockets, often people of very slight, small children who tap somebody on the right shoulder, draw their attention to the right side behind them while somebody else reaches into the pocket. Why isn't that the use of physical force? Because that's the use of physical force, but it's not the use of physical force that's capable of causing physical pain or injury. That's exactly my point. So that's not— That's exactly the point, that it's not capable of using physical force of injury, but it is. The Connecticut law doesn't require that it be capable of producing pain or injury. Well, we believe that the Connecticut law does require that. Well, where does it say that? The State v. Wright, which is the Connecticut Supreme Court decision on the subject, which is the highest court in Connecticut, says that at its lowest level, force can be a scratch, a slap, or a pinch. Yes. Well, a scratch, a pinch can cause pain or injury, but they don't necessarily involve pain or injury. I mean, force, this is force. Force can be very small. There is great force and there is slight force. Force is something. And if you touch somebody on the shoulder, have you used force? Yes, you've used force. Very slight force and force not capable of causing pain or injury. So I don't see where you get the proposition that we can say that Connecticut law will only apply when force is used that is capable of—that is likely to cause or capable of causing pain or injury. Well, Your Honor, I think your example actually provides the perfect distinction between the two, because the first is larceny. It's not robbery under Connecticut law. If someone—if I'm standing here and someone pickpockets me so that I don't even—I'm not aware of the force or I don't even feel it, that's not the threatened use of physical force. That's— No, no. It doesn't require the threatened use of physical force. It can be satisfied under Connecticut law either by the threatened use of physical force or by the actual use of physical force.  That's simply misquoting the statute. I would argue that the actual use of physical force in your example is not capable of causing physical pain or injury. That's my argument. That's the argument I'm making to you. But then we agree, because if that's the case, then Connecticut law—I'm saying that Wright says that the minimal amount that can satisfy a robbery conviction under Connecticut law is force capable of causing physical pain or injury. Where did it say capable of—where did it say capable of causing pain or injury? It cites those three examples that I provided, which are all examples of force capable of causing physical pain or injury. Yes, but it didn't say when applied with sufficient force to cause pain or injury. It said it can be satisfied by a pinch or a scratch or whatever it was, and there's no question that those things can be done with sufficient force to cause pain or injury, but they also can be done with insufficient force to cause pain or injury. Well, that court says that at its minimum, those—Wright, in our opinion, sets the floor of what's required to satisfy force capable of causing—to satisfy force under the Connecticut statute. But there's no contrary case law that either Apelli has cited or that the government has found which shows that something less than that, as in your example, would constitute robbery under Connecticut law. There's no case law cited to the contrary either. There's no case law that shows that it can't be satisfied by physical force insufficient to cause pain or injury. Well, we think that Wright sets the floor, so that's the Connecticut Supreme Court speaking on that issue. The statute itself requires the use of physical force. And then the jury instructions that Apelli cites on page 19 of his brief also require the external physical power over the person, which, again, the government would argue is the requirement of force capable of causing physical pain or injury. You say—what's the last point you just made? The last point is that the jury instructions, which require physical—which say that physical force means the external physical power over the person, again, encompasses a higher threshold level of—requires force capable of causing physical pain or injury. So to your Honor's point, there's no case law in Connecticut that shows that your Honor's example of a pickpocketing could be charged as robbery. And no example that shows that it couldn't. But if that's the case, then you have to look at what the Connecticut Supreme Court has said on the subject, and then we go back to the Wright decision and the statute itself. I mean, when you look at other statutes—I'm sorry, other circuits that have looked at this issue—it's not like they're finding explicit state case law that says exactly what's required. They need to extrapolate what the highest court in the state has said on the subject. And here you have the example in Wright. What about the Crump case? State versus Crump, 1986 case, 201 Connecticut 489, which seems to suggest that pushing a painter constitutes sufficient force to sustain a robbery under Connecticut law. Does that constitute violent force under the 2010 Johnson case? Yes. We would argue that that case constitute the implied use of force capable of causing physical pain or injury so as to qualify as a violent felony under 2010 Johnson. So you would differ with the Fourth Circuit's determination in United States v. Gardner? Well, we would—the Fourth Circuit first was considering North Carolina robbery, and there was a New York Supreme Court—sorry, a North Carolina Supreme Court opinion that had said that the degree of force used is immaterial. So I would disagree with the Fourth Circuit in that the facts of the pushing in Gardner are a de minimis level of force. But at the end of the day, it doesn't matter because the Fourth Circuit was considering a law which said the degree of force is immaterial. So even if this fact pattern had involved someone banging someone over the head with a machete, because the statute itself and what the Supreme Court in North Carolina had said about this statute means that a degree of force is immaterial. The fact pattern doesn't matter because it's the least of the acts under the statute. There's a recent case, as you're aware, of this court, Stuckey v. United States, in which the court said—and it cited Castleman—and the quote is, recently the Supreme Court confirmed that certain minor uses of force do not rise to the level of violence that the ACCA requires. And it was in reference, I think, to ACCA listing several examples of, in that context, domestic violence, including shoving and grabbing, and noting that domestic violence, and I quote, encompasses acts that one might not characterize as violent in a non-domestic context. Your Honor, our position is that Castleman spoke to the amount of force that's required for a prior misdemeanor conviction of domestic violence. The majority in that case explicitly declined to decide whether the types of force that Justice Scalia was citing in his opinion, which are hitting, slapping, shoving, grabbing, pitching, biting, and hair-pulling, would qualify as the basic level of force necessary under 2010 Johnson. And the fact that in 2010 Johnson, Justice Scalia provided the example of a slap as the type of force that would qualify, again, is exactly the types of force that the Connecticut Supreme Court and State v. Wright are holding the minimal type of force necessary to satisfy a robbery conviction in Connecticut. A slap can surely be done with sufficient force to cause pain, but that doesn't mean that every slap is done with sufficient force to cause pain. If one takes a blade of grass and slaps it across the back of one's hand, that's not going to cause pain or injury. So the fact that a slap can be sufficient or a pinch can be sufficient to cause pain doesn't equate with the proposition that all slaps and all pinches have sufficient force to cause pain. But if the force used in Connecticut when committing a robbery was not sufficient to cause pain, then the slap can be used to cause pain. And the fact that the Connecticut Supreme Court and State v. Wright are holding the   type of force necessary to cause pain. That type of charge would not be brought or would be thrown out if it were brought. The law in Connecticut is much clearer. You're relying on the well-recognized proposition that in the case of ambiguity in statutes, one interprets them against the defendant? I would argue that this statute in Connecticut is not ambiguous, and that is actually one critical point that distinguishes the law in Connecticut. It means force capable of causing pain or injury, clearly, without ambiguity. Without ambiguity, that that's what it means. When it's read in the context of the statutory scheme in Connecticut, which sets out larceny as robbery from a person without force. And when you get to robbery, the force applied is force that is directed to take the property from another person. The only way that that can be accomplished is force capable of causing physical pain or injury, or the threatened use of force capable. That can be accomplished by tapping them on the shoulder to draw their attention here, while somebody takes the wallet out from the other pocket. That's the application of force to take property from a person. But then that's a larceny. I mean, in State v. Wright, it's a perfect example of the distinguishing between the two, because in that case, there was two people outside. The robber came up to the victim and said, are you in a gang? The victim said no. The robber said, give me your jacket, and the victim gave his jacket. Initially, both larceny and robbery were charged, but robbery was thrown out. And that was determined to be a larceny, because there was no force capable of causing physical pain or injury. So Connecticut Supreme Court, unfortunately, hasn't set out exactly the exact words that would be most helpful to your honors when considering this, because they're not looking at federal law. I mean, I think just in the very base practical application of this, when you look at how robbery is committed in Connecticut, it necessarily requires the use of force. Thank you. Thank you. Good morning. May it please the court, my name is Charles Wilson. I represented Mr. Shabazz before the district court and Judge Underhill. And obviously, I'm here on his behalf and also to defend Judge Underhill's decision. Given the nature of the questioning to the government, I might leave aside some of the other things I was going to say and just highlight a couple of points. One, the government referred to the need to extrapolate from what's out there, and I would say quite frankly, that's what Judge Underhill did. He went to the cases, he went to the state cases. He has a very thorough analysis in his decision, much of which I quoted in my decision. One case that I don't think got mentioned in the discourse with the government is the case of State versus Williams. Where again, it's in dicta, I don't want to overstate it. But it talks about force being sufficient to effect a purse snatching without more may constitute simple robbery. I think that's pretty close to your Honor's discussion about the pickpocketing. But then one additional piece from that case, and again, this is probably dicta on top of dicta. But the Williams case refers to the Raetford case from Maryland, which is discussed in a little bit in my brief at page 26. And in that case, in the Raetford case, they talk about the amount of force used is immaterial. And so when I heard the government draw that distinction from the Fourth Circuit case about the reference in there, that immediately came to mind, and I think it's important for the court to consider. In terms of the distinctions between larceny and robbery, and in the cases that were cited in the government- If I understood what you said, the one about purse snatching is ambiguous in the same sense as I was saying to your adversary that her examples are ambiguous. Because the amount of force used in a purse snatching can be great or can be slight. It can be on either side. It can be all over the map. So to say that the amount of force used in a purse snatching shows that it doesn't require violent force isn't really persuasive. It just leaves the issue open as to how much force was used in the purse snatch. Because there's no question that one can use violent force in a purse snatching. Right. And when we're doing the categorical analysis, I don't want to say the burdens on the government, I'm not sure that that's the right phrasing. But the idea is they have to show that every possible instance of robbery in Connecticut would necessarily involve violent force in order for Connecticut robbery to be a violent felony. And the discussion in Williams about purse snatching, Your Honors, hypothetical about the pickpocket situation are all indications that not every robbery necessarily involves violent force. The tone of the government's argument, and one of the things that struck me in reading their briefing, was it's almost as if they're trying to take the word violent out of the definition. And when we go back to 2010 Johnson, while there is this phrase about capable of causing injury, the first thing it says is that force is violent force. And it might be italicized, if I remember correctly. So there has to be some layers of distinction amongst the types of force, which was one thing that struck me in going back and looking at everything. And then there is a collection of cases that the government relies on in its brief. But you know, in terms of violent force, right, that same 2010 decision specifically mentioned slapping as an act that would be considered violent. But in Castleman, it's listed along with other kinds of physical actions as perhaps not being considered physically violent. So how do we know? Well, I would say on one hand, if we don't know, that should go to Mr. Shabazz's favor in terms of how we're looking at this. And we can't say that any robbery in Connecticut is categorically violent, and we should rest on the analysis that Judge Underhill has done of the state cases, and to some extent, cases outside of it. Perhaps it's a signal from Castleman that everything has to be looked at in context, which I always tend to favor as a defense lawyer. Castleman was done in the domestic abuse context, where we probably want a really big, broad definition of force. Here, when we're going to lay a 15 year mandatory minimum on someone, maybe we want a more narrow definition. That seemed to be maybe one of the ideas that existed in the Johnson 2015 case, and making sure that we get it right over time, why Justice Scalia kept going back to the issue again and again. One of the other things I would say, just from a practitioner's standpoint, in terms of robbery versus larceny. You know, larceny is the plea from robbery charges. What? It's the plea down from robbery charges. You know, any number of people who are charged with robbery in state court, you work out a deal for larceny because it is better. It presents better consequences. Your adversary was arguing as if these are mutually exclusive categories, that if something is larceny, it can't be robbery. But that's not simply, not necessarily the case. Of course it's not the case, Your Honor. It would be the case if the Connecticut courts, if the Connecticut courts have said, if it's robbery, it's not larceny, if it's larceny, it's not robbery. At least the latter would be the- I agree, Your Honor, and while I didn't do it here, but perhaps I probably could. I can't imagine the number of defendants who are arrested in Connecticut where when you first see their charges, it's robbery, you know, robbery, and then larceny, and all the different things that might cover the conduct. I don't, to my knowledge, to my, as far as I'm aware, there is no Connecticut case that said, that says that while force was applied in the course of a particular taking of property from someone, the force was insufficient to make it robbery, and that degree of force is only consistent with larceny, and does not permit a conviction for robbery. There's no such case, is there? I don't recall seeing that kind of analysis where they're looking both at the same time. But again, I think Judge Underhill did what needed to be done here in terms of figuring out where Connecticut stands. Now certainly we don't have the amount of cases in Connecticut that you have in New York. One of the things that was striking to me in litigating this case and now being here on the appeal, is that the government seems to be moving away from what it has always done in cases involving Connecticut robbery, which is to look to New York robbery, and how that's been interpreted. But here, they're trying to create, I don't know if they're trying to back off that approach, or it's not going to work out because of signs that we're seeing in terms of how New York robbery is being interpreted in the district courts. But even here, given what we have to work with in Connecticut, I think Judge Underhill reached the right outcome. So, unless the court- I have a question about the issue of structural error. And I'm not sure I understand why the error at sentencing is structural. Because in this case, right, Judge Underhill himself undertakes a very detailed harmless error review, which shows that you could look at this in terms of the legal questions presented, and you could resolve the case. And then, doesn't that undercut the view that there was structural error? In other words, if you could respond to your adversary's view. Sure, I want to respond to your question, and I think their view is maybe not exactly that, but I'm sure they appreciate it. What I would say is that the very thorough analysis that Judge Underhill did of the harmless error aspect of this case, probably was to present all the possibilities here, knowing full well that the government would appeal. And so I just look at it as a judge saying, look, if not A, the alternative answer to that is B. And so this court here can reach the issues about robbery that are pressing in a number of cases, quite frankly. I have another case that's today, pending this appeal, without really having to get to the structural error issue. So I think you could avoid it. I mean, it's completely irrelevant, isn't it? I mean, supposing that there were cases in which the highest court of Connecticut had said, no, a small amount of force, like a tapping, force that is insufficient to cause injury or pain, does not qualify as robbery under Connecticut law. There would be no reason, I mean, it would make no sense whatsoever to say there was structural error in relying on the no longer valid clause of ACCA. That would be harmless error because the Connecticut robbery convictions would clearly have required violent force. So I don't know why the district judge thought that this was structural error. I don't see how that's a defensible position, but it doesn't really have much bearing on the outcome. As the district judge himself demonstrated, as Judge Katzman said, by going into an analysis of the Connecticut law. Again, trying to read Judge Underhill's mind, and also Judge Hall's, because she did a similar thing in Villanueva. I would suggest that perhaps they got to the issue of structural error in part because at the time the government was pressing this idea that Johnson 2010 shouldn't necessarily be applied to sentencings that occurred before. In the appeal here, my understanding is the government has backed off that, and they've really lined up the- You don't need to defend the proposition that it's structural error to win your side of the case. I don't think I need to. I mean, I will if it's the only way I would win, but I don't think I need to. And I don't think the court, which means I don't think the court needs to reach it, quite frankly. If I could just have one second to make a quick check. So the one last point I was going to get to, the government has some cases in its brief where violence occurred. But again, I don't think that really- The fact that there have been robberies where there was violence doesn't answer the categorical question here. For example, they point out at Williams, in the Williams case, which I just brought up a minute ago, that there's some discussion of violent activity. Now, I would submit that probably the reason that the Connecticut Supreme Court did that is because the first degree robbery subsection that was at issue was A1, which is the one that talks about causing a serious physical injury. As the basis for being first degree robbery. That's not the case here. This is solely the issue of whether the gun was in his pocket when he was committing the robbery, and the government doesn't appear to challenge that. So, one last thing I would say is that Judge Underhill said that there was no real data from the government to support its position. And at this point, they haven't provided any real data either. So Judge Underhill's decision should be affirmed, and we should proceed. Thank you. Thank you. In going back to deciding the level of force required, this court's decision in USV Hill is instructive on that. In that case, this court held that the amount of force required is force capable of causing physical pain, no more and no less than that. And so, to go back to the examples that we've been discussing here, a pinch, slap, or scratch are all capable of causing physical pain or injury, and thus should qualify as violent felony under the ACA. And specifically in that case, this court held that the Supreme Court did not say that any particular, quote, quantum of physical force had to be applied. The base level is force that is capable of causing physical pain or injury. You're saying that by definition, all pinches are capable of causing physical pain, or are you saying that a pinch can be capable of causing physical pain? There's no such thing as a pinch that's not capable of causing physical pain or injury? I'm saying that a pinch can be capable of causing physical pain or injury. And if it was used to- Disputable, but the issue is not that. The issue is, does any pinch necessarily cause physical pain? You're saying that Connecticut requires that it be capable of causing physical pain. And I'm saying that any pinch is capable of causing physical pain. They don't all necessarily cause physical pain, but any pinch is capable of it. No matter how slight it is. No matter any pinch is capable of it, yes. And that's the same as the slap that Justice Scalia instructed us to look at in Johnson. Any slap, no matter how slight it is, is capable of causing physical pain. And so this is the base level. Nobody said, there's no quotation that says any slap, no matter how slight it is, is capable of causing physical pain. You just invented that. You're not quoting from any case. What the case said is a slap is capable of causing physical pain. Not that any slap, no matter how slight, is capable of causing physical pain. But the slap is, I would agree with that, but the slap is provided as an example. And I think the important thing to keep in mind is, I mean, this is the floor that the state V Wright court is setting. There's no cases in Connecticut with robbery that are even remotely close to this floor. They all require much more degree of force capable of causing physical pain or injury. And when you look at other circuits to the extent they're instructive on this issue, you can see a clear divide in the circuits that have considered state convictions in which the amount of force is de minimis or no force required at all, whereas when the force required is a force capable of causing physical pain or injury. And the Connecticut robbery fits squarely within the second group of those types of convictions. Thank you. Thank you, Ernest. Thank you both for your arguments. The court will reserve decision.